Supreme Court, Erie Special Term, September, 1900. Unreported.

PEOPLE ex rel. JOHN B. TAYLOR *v.* WILLIAM ELY.

Application for peremptory writ of mandamus directed to the County Treasurer of Cattaraugus county requiring him to grant relator's application for a liquor tax certificate upon payment of the fee therefor.

*Wentworth & Wentworth,* for application.

*P. W. Cullinan,* opposed.

KENEFICK, J.    The biennial town meeting held in Randolph in November, 1899, decreed a no license status for that town.    A license status existed at the time of the meeting, and under the liquor tax law continued until the beginning of the next excise year, to wit May 1st, 1900, at which time the status decreed by the November meeting would become effective.    (Section 16.)

On February 9th, 1900, the County Judge of Cattaraugus county upon an ex parte application ordered a special town meeting for a resubmission to the voters of the local option questions on the ground that they had not been properly submitted at the

November meeting, and subsequently on April 5th, 1900, denied a motion to vacate that order.

It is urged that this order did not nullify the result of the November meeting. If it did not it is difficult to see what effect is had. If the result of the November meeting was effective notwithstanding the order what need for the order?

It is also urged that the county judge had no power upon an ex parte hearing to set aside the result of an election.

A complete answer to this claim is that the Liquor Tax Law grants him such power. The whole question of excise legislation is within the power of the Legislature. They may grant or withhold local option to localities, and having granted it they may prescribe the conditions on which the vote thereon may become effective.

While it would seem proper for a court or judge to require notice to be given to the State Commissioner of Excise, or to the county treasurer of the county, of the application for such an order, it is entirely a matter of discretion under the statute as it now exists.

The status decreed by the November meeting was nullified by the order of the county judge.

For some reason not apparent the special town meeting was not called until May 1st, 1900, the beginning of the excise year. Again the voters of the town decreed a no license status.

On April 10th, 1900, chapter 367 of the Laws of 1900, took effect, which amended section 16 of the Liquor Tax Law so as to provide that the status decreed by a special town meeting " shall take effect at the beginning of the next excise year, that is, on the first day of May following such vote as is provided when a vote is taken at a biennial town meeting."

The status decreed by the special town meeting on May 1st, 1900, did not, therefore, become effective until May 1st, 1901, and as the result of the November meeting was nullified by the order of the county judge the existing license status continues until May 1st, 1901.

This conclusion thwarts the will of the voters of· this town twice expressed, and is only reached because a plain reading of the statute compels it.

A peremptory writ of mandamus is granted.